# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 14-2919

**Caption [use short title]**

**Motion for:** Removal of the case from the expedited appeals calendar pursuant to Local Rule 31.1(b)(2)

New York State Citizens' Coalition for Children
-against-
Sheila J. Poole

**Set forth below precise, complete statement of relief sought:**

Both Plaintiff-Appellant and Defendant-Appellee jointly request that the Court remove this case from the expedited appeals calendar.

**MOVING PARTY:** New York State Citizens' Coalition for Children and Sheila J. Poole
✓ Plaintiff   ✓ Defendant
✓ Appellant/Petitioner   ✓ Appellee/Respondent

**OPPOSING PARTY:**

**MOVING ATTORNEY:** Adam J. Hunt
**OPPOSING ATTORNEY:** None
[name of attorney, with firm, address, phone number and e-mail]

Morrison & Foerster LLP
250 West 55th St.
New York, NY 10019

**Court-Judge/Agency appealed from:** U.S. District Court for the Southern District of New York - Hon. William F. Kuntz II

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
✓ Yes   ☐ No (explain):

Opposing counsel's position on motion:
✓ Unopposed   ☐ Opposed   ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes   ✓ No   ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this Court?   ☐ Yes ☐ No
Requested return date and explanation of emergency:

Is oral argument on motion requested?   ☐ Yes ✓ No   (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ✓ No   If yes, enter date:

**Signature of Moving Attorney:**
/s/ Adam J. Hunt   **Date:** 9/10/2014   Service by: ✓ CM/ECF   ☐ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

# 14-2919

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT

―――――――――――――――――

NEW YORK STATE CITIZENS' COALITION FOR CHILDREN,

*Plaintiff-Appellant*,

—against—

SHEILA J. POOLE,

*Defendant-Appellee.*

―――――――――――――――――

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

―――――――――――――――――

**JOINT MOTION TO REMOVE THE CASE FROM THE EXPEDITED APPEALS CALENDAR**

―――――――――――――――――

| | |
|---|---|
| MORRISON & FOERSTER LLP<br>Grant J. Esposito<br>Adam J. Hunt<br>250 West 55th Street<br>New York, New York 10019<br><br>Brian R. Matsui<br>2000 Pennsylvania Avenue, NW<br>Suite 6000<br>Washington, DC 20006-1888<br><br>*Attorneys for Plaintiff-Appellant* | ERIC T. SCHNEIDERMAN<br>Attorney General of the<br>State of New York<br>120 Broadway<br>New York, NY 10271<br><br>Claude S. Platton<br>Assistant Attorney General<br>Of Counsel<br><br>*Attorneys for Defendant-Appellee* |

Pursuant to Local Rule 32.1(b)(2), Plaintiff-Appellant New York State Citizens' Coalition for Children ("Plaintiff-Appellant" or the "Children's Coalition") and Defendant-Appellee Sheila J. Poole, in her official capacity as the Acting Commissioner for the New York State Office of Children and Family Services ("Defendant-Appellee" or "OCFS") jointly move this Court to remove this case from the Expedited Appeals Calendar ("XAC").

## PRELIMINARY STATEMENT

The Children's Coalition filed the lawsuit underlying this appeal on behalf of its members, licensed foster parents in New York State, seeking to enforce New York foster parents' rights under the Child Welfare Act, 42 U.S. §§ 672 and 675 (the "CWA"), to receive foster care maintenance payments that cover the costs of caring for a foster child.

The Children's Coalition and OCFS seek to remove this case from the XAC on the basis that this appeal is not well-suited for expedited treatment, as it involves complex issues involving an unsettled question of law about whether a private right of action exists under the CWA to enforce the CWA's foster care maintenance payment provisions.

## I. PROCEDURAL HISTORY

The Children's Coalition filed a Complaint in the Eastern District of New York against Defendant-Appellee, seeking declaratory and injunctive relief

2

pursuant to 42 U.S.C. Section 1983 and asserting that Defendant-Appellee violated New York foster parents' rights by failing to provide foster care maintenance payments that are sufficient to cover the cost of caring for their foster children, in violation of Section 672(a) and 675(4)(A) of the CWA.

After conducting discovery, the Children's Coalition filed for summary judgment and Defendant-Appellee filed a motion to dismiss.

The District Court granted Defendant-Appellee's motion to dismiss, concluding that the Children's Coalition lacked standing because no private right of action exists under Section 672(a) and 675(4)(A) of the CWA. Final judgment was entered on July 17, 2014.

Plaintiff-Appellant filed a Notice of Appeal, and the Court placed this appeal on XAC, setting the date for the Children's Coalition's opening brief to be due on October 3, 2014 and the date for Defendant-Appellee's brief to be due on November 7, 2014.

## II. ARGUMENT

This case involves a complex issue of statutory interpretation that has divided federal courts—whether a private right of action exists under Sections 672(a) and 675(4)(A) of the CWA. There is currently a circuit split on this issue. The Ninth Circuit has held that a private right of action exists under these sections of the CWA. *See California State Foster Parent Ass'n v. Wagner*, 624 F.3d 974

(9th Cir. 2010). By contrast, the Eight Circuit has concluded that no private right of action exists. *See Midwest Foster Care and Adoption Ass'n v. Kincade*, 712 F.3d 1190 (8th Cir. 2013). Both the Children's Coalition and OCFS respectfully submit that this case be removed from the XAC so that the parties can fully research and brief this complex and important issue.

## CONCLUSION

For the reasons set forth above, Plaintiff-Appellant and Defendant-Appellee submit that good cause exists for this Court to remove this case from the XAC and respectfully requests that this case be removed from the XAC and that Plaintiff-Appellant be permitted to submit its opening brief on November 14, 2014 (which is within the 91 day limit set forth in Local Rule 31.2(a)(1)(A)).

Dated: New York, New York
September 10, 2014

By: */s/ Adam J. Hunt*

MORRISON & FOERSTER LLP
Grant J. Esposito
Adam J. Hunt
250 West 55th Street
New York, NY 10019-9601
Telephone: (212) 468-8000

Brian R. Matsui
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006-1888
Telephone: (202) 887-1500

*Attorneys for Plaintiff-Appellant*

By: */s/ Claude S. Platton*

ERIC T. SCHNEIDERMAN
Attorney General of the
State of New York
120 Broadway
New York, NY 10271

Claude S. Platton
Assistant Attorney General
Of Counsel

## CERTIFICATE OF SERVICE

This is to verify that true and correct copies of the foregoing document have been filed via electronic filing and served by electronic mail on this 10th day of September, 2014 on counsel for Defendant-Appellee.

*/s/   Adam J. Hunt*
Adam J. Hunt
*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitations of FED. R. APP. P. 32(a)(7)(B) because this brief contains 537 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2003 in 14 pt Times New Roman.

September 10, 2014

                                          Respectfully submitted,

                                          */s/ Adam J. Hunt*
                                          Adam J. Hunt
                                          *Counsel for Plaintiff-Appellant*